```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


JOHN PENNINO & CHERYL PENNINO           *      CIVIL ACTION

VERSUS                                  *      NO. 05-1650

ARD, COVAN WORLD-WIDE MOVING, INC.,     *      SECTION "B"
VANLINER INSURANCE COMPANY & CITY OF
NEW ORLEANS
```

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand this action to the Civil District Court for the Parish of Orleans, State of Louisiana, on the basis that complete diversity does not exist. (Rec. Doc. No. 3). Plaintiffs also seek attorney fees and costs incurred in connection with the removal and remand proceedings. (Rec. Doc. No. 3). For the following reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand be **GRANTED** (Rec. Doc. No. 3), and this action is remanded to state court. **IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees and costs is **DENIED**.

### Background

The instant motion arises out of an accident on March 22, 2004, between Plaintiff John Pennino and Defendant James Ard. (Rec. Doc. No. 8 at 1). Plaintiff was traveling westbound on Gentilly Highway, crossing the intersection with Michoud Boulevard on a green light. (Rec. Doc. No. 8 at 1). Defendant was

1

traveling the opposite direction(eastbound) on Gentilly Highway in an 18-wheeler and attempted to make a left turn. (Rec. Doc. No. 8 at 1-2). Defendant reported to the investigating police officer that the light was yellow. (Rec. Doc. No. 8 at 2).

Plaintiffs John Pennino and Cheryl Pennino, his wife, brought suit in Civil District Court for the Parish of Orleans on March 28, 2005 against (1) the 18-wheeler's driver, James Ard, resident of California (2) Ard's employer, Covan World-Wide Moving, Inc. ("Covan"), a foreign corporation that is authorized to do and is doing business in the state of Louisiana; (3) the insurer, Vanliner Insurance Company ("Vanliner"), a domestic insurance company that is authorized to do business in the Stat e of Louisiana; and (4) City of New Orleans ("City"). On May 3, 2005, Vanliner timely removed the petition to district court with the consent of co-defendants Ard and Covan.

## Law and Analysis

**A. Improper Joinder**

Generally, a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the existence of federal jurisdiction. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional facts supporting removal must be examined at the time of removal and should be strictly construed. See Id.; Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.

1988). If "at any time before final judgment" it appears that the Court lacks subject matter jurisdiction, the Court must remand the case to state court. 28 U.S. C. § 1447(c).

Defendant's claim of diversity jurisdiction hinges on a contention that the City was fraudulently joined to defeat diversity between the parties. "The burden of proving a fraudulent joinder[1] is a heavy one." Manzella v. UPS, 2002 U.S. Dist. LEXIS 17262, 4-5 (E.D. La. 2002)(citations omitted). The removing party may satisfy this burden by showing "either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional fact." B. Inc., v. Miller Brewing Co., 663 F.2d. 545, 549 (5th Cir. 1981). In evaluating the issue of improper joinder, the Court does not "inquire whether the plaintiff will actually or even probably prevail on the merits of her claim . . . If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable . . . ." Tantillo v. Cordis Corp., 2004 U.S. Dist. LEXIS 19615 at 3 (E. D. La., 2004)(citations omitted).

"[F]or purposes of determining improper joinder we may

---

[1] This is now known as "improper joinder." See Smallwood v. Illinois Central Railroad Co., 385 F.3d 568 n.1 (5th Cir. 2004)(en banc).

pierce the pleadings and consider summary judgment-type evidence. In reviewing that evidence and the complaint, we consider unchallenged factual allegations in the light most favorable to plaintiffs and resolve contested fact issues and ambiguities in controlling state law in plaintiffs' favor." De La Hoya v. Coldwell Banker Mex., Inc., 125 Fed. Appx. 533, 536 (5th Cir., 2005) (citations omitted).  Defendants must establish improper joinder by clear and convincing evidence. See Edwards v. Allstate Prop. & Cas. Co., 2005 U.S. Dist. LEXIS 1291 (E.D. La., 2005).

Because Defendants here have not alleged fraud in the pleadings of jurisdictional fact, this Court must determine whether there is any possibility that Plaintiffs would be able to maintain a cause of action against the City in state court. To prevail in a negligence action under Louisiana law, Plaintiffs must prove that: "1) the conduct in question was the cause-in-fact of the resulting harm; 2) defendant owed a duty of care to plaintiff; 3) the requisite duty was breached by the defendant; 4) the risk of harm was within the scope of protection afforded by the duty breached." Peterson v. Gibraltar Savings & Loan, 733 So.2d 1198, 1203-04 (La. 1999).

Based on the facts, a state court arguably has a reasonable basis for imposing liability under a theory of negligence. Plaintiffs' allegations in the Petition for Damages state a cause of action against the City in Paragraph 5:

> 5.
>
> An additional proximate cause of the accident

>     was the negligence of defendant, DOTD, and
>     more specifically its Maintenance Department,
>     in the following but non-exclusive respects:
>     a)   Failure to maintain its traffic lights
>          in working order;
>     b)   Failing to properly inspect its traffic
>          lights;
>     c)   All other acts of negligence to be shown
>          at the time of trial.

(Rec. Doc. No. 8 at 5). Plaintiff contends that they joined the City due to the possibility that the City had negligently maintained the traffic light. (Rec. Doc. No. 8 at 6).

If the light was malfunctioning, it was arguably the cause-in-fact of the accident.[2] The City arguably owed a duty of care to drivers, such as plaintiffs. The duty to maintain the lights was arguably breached and the risk of an accident was within the scope of protection. As such, Defendants have not met their heavy burden of establishing fraudulent joinder by clear and convincing evidence.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand is hereby **GRANTED**. **IT IS FURTHER ORDERED** that due to the weak, yet conceivable, claim against the City, Plaintiffs' request for attorney fees and costs is **DENIED**.

---

[2] Defendant Vanliner purportedly retained an expert witness who concluded, in part, that an "east bound tractor-trailer operator can indeed attempt a left turn under an amber traffic signal indication while west bound traffic is faced with a circular green traffic signal indication." (Rec. Doc. No. 12 at 4). However, this report is not attached as an exhibit to the Court's copy of Defendant's filings, nor is it found in CM/ECF database. The Court does not believe such a report would have been dispositive in the outcome of this motion, even though the Court was unable to consider the expert's report.

Further, Defendant's notice of removal was neither unreasonable nor taken in bad faith.

New Orleans, Louisiana, this <u>30th</u> day of <u>January</u>, 2006.

                                                   _____
                                                   IVAN L.R. LEMELLE
                                                   UNITED STATES DISTRICT JUDGE